UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

COACH, INC. and COACH SERVICES, )
INC., )
      Plaintiff, )
)     1:10-cv-00615-RLY-TAB
  vs. )
)
NOVELTY, INC., )
      Defendant. )

**ENTRY AND ORDER ON DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT**

Novelty, Inc.'s ("Novelty") products contain a "G" mark, which, according to Coach, Inc. and Coach Services, Inc. ("Coach"), look remarkably similar to its Signature C Design. On May 18, 2010, Coach filed a Complaint against Novelty, alleging various causes of action including, *inter alia*, trademark and trade dress infringement, copyright infringement, counterfeiting, and forgery. On that same day, a summons was issued informing Novelty that it had to respond to the Complaint within 21 days after service of the summons, and that if Novelty failed to respond, "judgment by default will be entered against you for the relief demanded in the complaint." (*See* Docket # 4). Novelty was personally served with the Complaint three days later, and thus, its Answer was due on June 11, 2010. Novelty failed to file an Answer. On June 14, 2010, Coach filed a motion for entry of default, and on August 31, 2010, the Clerk issued an entry of default against Novelty. Novelty then hired counsel from Baker & Daniels LLP, and, on October 25,

1

2010, filed the present motion to set aside entry of default. A party seeking to vacate an entry of default before judgment has been entered must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). The issues in this case revolve around elements 1 and 3 above – i.e., whether Novelty had good cause for the default, and whether Novelty has meritorious defenses to Coach's Complaint.

### A. Good Cause for Default

According to Novelty's President, Todd Green ("Mr. Green"), Novelty did not file an Answer because Novelty believed that it was in the midst of settlement negotiations. (Affidavit of Todd Green ("Green Aff.") ¶ 9). Mr. Green testified that when he became "aware" of the filing, he engaged Coach's counsel, Alejandro Valle ("Mr. Valle"), in the following e-mail exchange. The first of these, dated June 15, 2010, reads:

> Alex,
> I am writing in reference to the e-mail and the call from last week. Today I received a letter for default. I responded in writing and phone to you trying to resolve this case. You responded to me that you would contact your client and get back to me? I have not heard back from you.

(*See* Motion to Set Aside, Ex. 2). On June 16, 2010, Mr. Valle responded:

> Mr. Green: Thank you for your email. Please note that I am <u>not</u> authorized by my clients, the Plaintiffs in the case Coach, Inc., et al. v. Novelty, Inc., to accept your proposal of a non-monetary settlement in this matter, which is my understanding of what you had proposed. If I am mistaken with regard to your proposal, please let me know.

(*See id.*) (emphasis in original). Mr. Green read this e-mail as an invitation to continue negotiating. (Green Aff. ¶ 11). Therefore, on that same day, Mr. Green replied:

2

> Alex,
> How is there a monetary settlement? This item never made it to the U.S.
> There was a 3800 pcs with a total value of like $2,000.
> What would the settlement be?

(*See id*.). Mr. Green testified that he "await[ed] a reply from Mr. Valle" until the entry of default was issued on August 31, 2010. (Green Aff. ¶ 13).

At the time these events occurred, Mr. Green was a pro se litigant who maintains that he reasonably believed, based upon the e-mail communications above, that settlement negotiations were ongoing. (*Id*. ¶ 11). Coach represents that by June 16, 2010, settlement negotiations were at an impasse, and Mr. Green should have known that. As the court views this case, there are two problems facing Coach. First, Coach presented no evidence, through affidavit or otherwise, to show that settlement negotiations were at an impasse. Second, Coach did not notify Mr. Green of its immediate intention to file a motion for entry of default. Coach is correct that the court notified Mr. Green in the summons that a default could be entered against him if he failed to respond. However, Mr. Green is not a seasoned lawyer, and may not have known the legal ramifications of his failure to file an Answer. Moreover, the Seventh Circuit favors trials on the merits over default judgments. *Cracco*, 559 F.3d at 631. The court therefore finds, weighing the equities in this case, that Novelty has satisfied its burden to show good cause for the default.

### B. Meritorious Defenses

A meritorious defense is a defense that "'at least raises a serious question

regarding the propriety of a default and which is supported by a legal and factual basis.'" *Standard Ins. Co. v. Cole*, 2005 WL 4882772, at *3 (S.D. Ind. Aug. 19, 2005) (quoting *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1984) and citing *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990)). Coach contends that a March 2003 Customs Ruling HQ 473653 is dispositive on the issue of liability. That ruling addresses the likelihood of confusion between Coach's Signature C Design and the marks of certain third parties. The problems with this ruling are threefold: (1) it is an administrative proceeding of which Novelty had no notice; (2) Novelty's own marks were not involved; and (3) the ruling relies on case law from other circuits. Accordingly, the court rejects Coach's attempt, at this early stage of the litigation, to use this ruling as a means to find liability against Novelty. *See Saban Entm't, Inc. v. 222 World Corp.*, 865 F.Supp. 1047, 1054 (S.D.N.Y. 1994) (stating that "[the court] is neither instructed nor inhibited by the Customs ruling, which involves other copyrights and relies upon cases decided in other circuits.").

The court has read and reviewed Novelty's defenses to the claims asserted by Coach, and finds that Novelty does indeed have meritorious defenses to Coach's claims. Its defenses include fact-sensitive inquiries regarding the likelihood of confusion of the consuming public, whether the "G" design on Novelty's products is "substantially similar" to Coach's Signature C Design, and Novelty's intent to defraud. Coach's invitation to weigh the evidence at this early stage of the litigation is rejected.

### C. Conclusion

For the reasons set forth above, the court finds that Novelty has satisfied its burden to show that the entry of the default should be set aside. Accordingly, Novelty's motion to set aside entry of default (Docket # 13) is **GRANTED**.

**SO ORDERED** this  24th   day of January 2011.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

R. Trevor Carter
BAKER & DANIELS - Indianapolis
trevor.carter@bakerd.com

Louis T. Perry
BAKER & DANIELS - Indianapolis
louis.perry@bakerd.com

Alejandro  Valle
GONZALEZ SAGGIO & HARLAN LLP
alejandro_valle@gshllp.com